IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NASSER ALMUTAIRI          *
   Plaintiff
  v.               *   CIVIL ACTION NO. PJM-06-2791

KENNETH Y. TOMLINSON       *
INTERNATIONAL BROADCASTING
 BUREAU            *
   Defendants
                ***

### MEMORANDUM OPINION

According to attachments filed with this employment discrimination Complaint, on April 27, 2006, the Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's administrative complaint against Kenneth Tomlinson and the International Broadcasting Bureau ("IBB"). On May 31, 2006, the EEOC denied Plaintiff's request for reconsideration and issued a right-to-sue letter, notifying Plaintiff that he had 90 calendar days from the date he received the decision to file a civil action in the appropriate United States District Court.

Approximately five months later, on October 24, 2006, Plaintiff filed this action, alleging employment discrimination under Title VII, 42 U.S.C. §2000e, the Age Discrimination in Employment Act of 1967 ("ADA"), the Rehabilitation Act of 1973, and the Americans With Disabilities Act. In effect, Plaintiff claims that he was denied a job by IBB administrators in favor of "their own Lebanese nationals in favoritism and nepotism...."[1] (Paper No. 1).

Based upon his affidavit of indigency, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted. Upon initial review of the matter, however, the undersigned has uncovered a threshold problem which mandates further response from Plaintiff.

Plaintiff's Title VII claim against Defendants appears to have been filed more than 90 days

---

[1] Plaintiff also makes a vague reference to discrimination on the basis of a "walking disability." (Paper No. 1).

after he received his right-to-sue letter. Title VII provides for an extensive administrative remedial scheme that must be fully exhausted prior to the initiation of suit in federal court. *See Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993); *Woodard v. Lahman*, 717 F.2d 909, 913-16 (4th Cir. 1983). Likewise, before bringing a civil suit for an ADA or Rehabilitation Act violation, the aggrieved party must file a charge with the EEOC. *See Dickey v. Greene*, 710 F.2d 1003, 1005 (4th Cir. 1983); *see also Columbo v. U.S. Postal Service*, 293 F.Supp.2d 219, 222-23 (E.D. N.Y. 2003). Upon notification, i.e. a right-to-sue letter, the aggrieved party has 90 days to file suit. *See* 42 U.S.C. § 2000e-5(f)(1). A claimant who fails to file a complaint within the 90-day statutory time period generally forfeits his right to pursue his claim. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-51 (1984).

To activate the administrative process, Plaintiff sought review before the EEOC. The EEOC completed review of the claim and issued a right-to-sue notice on May 31, 2006. Plaintiff filed his action in this Court on October 24, 2006, several months after the 90-day deadline for filing suit. Thus, his action here appears time-barred. *See* 42 U.S.C.A. §2000e-5(f)(1). The 90-day time period is, however, subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (noting that filing a timely charge of discrimination is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling). For this reason, a separate Order shall be entered granting Plaintiff the opportunity to show cause why his Complaint should not be dismissed for the failure to comply with the applicable 90-day limitations period.

October 25, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE